**UNITED STATES of America, Appellee,**

v.

**Frank FRISONE, Defendant-Appellant.**

**No. 1169, Docket 86–1085.**

United States Court of Appeals,
Second Circuit.

Argued March 18, 1986.

Decided June 4, 1986 *.

Michael A. Guadagno, Asst. U.S. Attorney-in-Charge, Organized Crime Strike Force, Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Donald S. Sullivan, Sp. Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Michael H. Sporn, New York City, for defendant-appellant.

Before PIERCE, MINER and ALTIMARI, Circuit Judges.

PER CURIAM:

Appellant was arraigned on a multi-count indictment in May of 1985 in the United States District Court for the Eastern District of New York. On May 16, 1985, a detention hearing was held before Magistrate Chrein at which time detention was ordered. On January 21, 1986, Judge Henry Bramwell, after independent review of the transcript of the magistrate's hearing and consideration of arguments presented by counsel for the appellant on a motion for release, concluded that there was probable cause to believe that appellant had been involved in at least three crimes of violence, that appellant had not rebutted the presumption drawn from the conclusion that no condition or combination of conditions would reasonably assure the safety of the community, and that, even if appellant had rebutted such a presumption, there was clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community.

On March 18, 1986, appellant challenged the district court's ruling before this court on the grounds that there was insufficient evidence to support detention, and that his continued detention pursuant to the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.* (the "Bail Act") violated the Constitution. After argument, the application was denied from the bench on all grounds asserted except the constitutional grounds, as to which decision was reserved pending decision of another case which involved this very issue and which was *sub judice* at the time of argument. That case has recently been decided, *see United States v. Melendez-Carrion*, 790 F.2d 984 (2d Cir.1986). Hence, we address the remaining issue herein.

In *Melendez-Carrion*, the appellants challenged, *inter alia*, the constitutionality of continued pretrial detention under the Bail Act, where such detention was based upon grounds of dangerousness to the community. Judge Newman found the statute facially unconstitutional in authorizing, even for a brief time, such pretrial incarceration of a competent adult criminal defendant. Chief Judge Feinberg, concurring

---

* This appeal was originally heard on March 18, 1986, and decided by order dated June 4, 1986. As a summary disposition it would have no precedential value under our Local Rule § 0.23. We have decided *sua sponte* to publish the substance of the June 4, 1986 order in this opinion.

in the result of Judge Newman's opinion, found continued confinement for a period over eight months, solely on the ground of dangerousness, a violation of due process since it inflicted punishment without an adjudication of guilt. Judge Timbers vigorously dissented from each of these views. The effect of Judge Feinberg's and Judge Newman's decisions render unconstitutional the continued pretrial detention of the appellant herein on the basis of the dangerousness prong of the Bail Act.

Frisone has been denied bail and detained for nearly twelve months on federal charges solely on the ground of dangerousness under the Bail Act. We are constrained to find that the continued confinement of appellant is affected by the majority position as to result in *Melendez-Carrion.* Consequently, we vacate the order of the district court and remand for the district court to determine whether there are conditions of release which will reasonably assure appellant's appearance as required, and, if so, to establish appropriate conditions of release. We withhold issuance of the mandate herein pending issuance of the mandate in *Melendez-Carrion.*

Vacated and remanded with instructions.