**UNITED STATES of America, Appellee,**

v.

**Richard ROMANO,
Defendant-Appellant.**

**No. 1727, Docket 86–1336.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 11, 1986.

Decided Aug. 20, 1986.

Michael Bromwich, Asst. U.S. Atty., New York City (Rudolph Giuliani, U.S. Atty., and Warren Neil Eggleston, Asst. U.S. Atty., of counsel), for appellee.

Victoria Morgan, New York City (Farber & Miller, of counsel), for defendant-appellant.

Before PRATT and MINER, Circuit Judges, and EDWARD D. RE, Chief Judge of the United States Court of International Trade, sitting by designation.

PER CURIAM:

After appellant's arrest on the basis of a complaint charging him with conspiracy to distribute heroin and distribution of heroin in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (1982), the government moved on February 14, 1986 pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156, for an order detaining appellant without bail pending trial. In so moving, the government relied on the statutory presumptions of flight and dangerousness that arise when a judicial officer finds there is probable cause to believe the defendant has committed a federal drug-related offense for which a maximum prison sentence of ten years is prescribed. See Id. § 3142(e).

After a hearing, Magistrate Buchwald granted the government's motion, ruling that although appellant had rebutted the presumption of risk of flight, he failed to rebut the presumption of dangerousness. The United States District Court of the Southern District of New York, Robert L. Carter, Judge, reviewed appellant's bail status on three occasions, the most recent of which occurred at a hearing on July 17, 1985, during which the government presented extensive testimonial evidence concerning appellant's engagement in criminal activity—including hijacking, extortion, and narcotics distribution—over a five year period. At the conclusion of the hearing, Judge Carter ordered that appellant be detained pending trial because of dangerousness.

Appellant now challenges the constitutionality of his pretrial detention, relying upon United States v. Salerno, 794 F.2d 64, 71 (2d Cir.1986). There, a majority of the panel held that substantive due process prohibits pretrial detention on the ground of danger to the community, regardless of the duration of the detention. See id. at 71.

Accordingly, we are constrained to vacate Judge Carter's order of pretrial detention and remand the matter to the district court to set appropriate conditions of bail. However, because the issuance of the mandate in Salerno was stayed pending application by the government to the Supreme Court for a writ of certiorari, see Fed.R. App.P. 41, we withhold issuance of the mandate in this appeal pending issuance of the mandate in Salerno. See United States v. Frisone, 795 F.2d 1, 2 (2d Cir. 1986).

Vacated and remanded with instructions.